**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Queston Clement, | ) | |
| | ) | Criminal No. 6:11-cr-00338-JMC-18 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Queston Clement's ("Petitioner") motion seeking relief ("Motion") pursuant to Fed. R. Crim. P. 35(b). (ECF No. 1597.) Respondent United States of America ("Respondent") opposes Petitioner's motion arguing that Petitioner was not guaranteed a reduction in his sentence, but rather Respondent promised to file a request for a reduction to Petitioner's sentence pursuant to either Fed. R. Crim. P. 35(b) or U.S.S.G. § 5K1.1. (ECF No. 1603.) Respondent also opposes Petitioner's motion because the court has already reduced Petitioner's sentence based on Respondent's motion for a downward departure pursuant to U.S.S.G. § 5K1.1. (ECF No. 1603.) For the reasons set forth below, the court **DENIES** Petitioner's Motion.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was indicted on May 10, 2011 for various drug-related charges. (ECF No. 21.) Count One alleged that in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846, Petitioner and his co-defendants conspired to possess with the intent to distribute in excess of five kilograms of cocaine, 280 grams or more of crack cocaine, and 1000 kilograms or more of marijuana. (ECF No. 1601 at 2.) Pursuant to a written plea agreement ("plea agreement"), he pled guilty to count

1

one on January 18, 2012. (ECF No. 1601.) At Petitioner's change of plea hearing, Petitioner acknowledged that he understood the plea agreement and acknowledged that no one else had promised him anything with regard to his sentence. (ECF No. 1602 at 29.) Moreover, Petitioner's plea agreement contained an appellate waiver and Petitioner acknowledged he understood that meant he could only appeal under limited circumstances. (ECF No. 1602 at 28; ECF No. 1602 at 24.) Pursuant to the plea agreement, Petitioner testified against co-Defendant Juan Calderon at Calderon's trial on April 30, 2012. (ECF No. 1601 at 7.) Petitioner testified about his course of dealing with Calderon and the amount of marijuana supplied by Calderon to Petitioner. (*Id.*)

This Court sentenced Petitioner on May 17, 2012, after the Calderon trial. (ECF No. 1601.) During Petitioner's sentencing hearing, this Court adopted the plea agreement. (*Id*.) Pursuant to the plea agreement and Petitioner's substantial assistance as a federal witness, the United States of America ("Respondent") entered a motion for a downward departure. (ECF No. 1601 at 6.) This Court accepted Respondent's motion and sentenced Petitioner to sixty months imprisonment, which is fifty percent below the applicable statutory minimum sentence of ten years. (ECF No. 1601 at 11; ECF No. 1601 at 4.) Petitioner did not object to Respondent's motion for a downward departure or the court's reduction of his sentence. (ECF No. 1601.)

On February 11, 2014, Petitioner filed a motion seeking a sentence reduction pursuant to Fed. R. Crim. P. 35(b). (ECF No. 1597.) Petitioner alleged Respondent promised to enter a motion for a downward departure pursuant to Fed. R. Crim. P. 35(b) on his behalf if Petitioner testified. (ECF No. 1597.) Petitioner asserted that Respondent failed to make a motion for a reduced sentence. (*Id.*) After filing the Motion currently before the court, Petitioner also filed a motion to appoint counsel. (ECF No. 1598.) Respondent asserts that granting Petitioner's

2

Motion is improper because Respondent did not promise Petitioner a specific sentence reduction or that he would receive a sentence reduction. (ECF No. 1603.) Respondent also asserts it only promised one request for a sentence reduction under either Fed. R. Crim. P. 35(b) or U.S.S.G. § 5K1.1, for Petitioner in consideration of his substantial assistance in Calderon's case. (ECF No. 1603.) Finally, Respondent did make a motion for a downward departure, which this court granted resulting in a sentence reduction for Petitioner. (ECF No. 1603; ECF No. 1601.)

## STANDARD OF REVIEW

Plea Agreements should be interpreted according to general contract principles because such agreements are contractual in nature. *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004) (quoting Margalli-Olvera v. INS, 43 F.3d 345, 351 (8th Cir.1994)). A central tenet of contract law is that "no party is obligated to provide more than is specified in the agreement itself." *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009) (citing *United States v. Peglera,* 33 F.3d 412, 413 (4th Cir.1994)). Specifically, "in enforcing plea agreements, the government is held only to those promises that it actually made. . . .'" *Id*. Moreover, "statements, made under oath, are presumed to be true." *United States v. Cheese*, 411 F. App'x. 609, 611 (4th Cir. 2011) (unpublished) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). The defendant is bound by statements made under oath at a Rule 11 hearing absent "clear and convincing evidence to the contrary." *Beck v. Angelone*, 261 F.3d 377, 395–96 (4th Cir. 2001). The government's promise must be fulfilled when any significant promise or agreement of the government is given as consideration to induce the defendant to enter into a plea agreement. *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The decision to move for a downward departure based on substantial assistance is generally left to the Government's discretion. *United States v. Butler*, 272 F.3d 683, 686 (4th

3

Cir. 2001); *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993).  Courts may inquire into the Government's failure to file such a motion where the Government has obligated itself in the plea agreement to move for a departure; or the Government's refusal to move for a departure was based on an unconstitutional motive, such as race or religion. *See Wade v. United States,* 504 U.S. 181, 185–86 (1992); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994).

When a plea agreement promises unequivocally that the government will move for a downward departure in return for the defendant's substantial assistance, and the government subsequently decides not to file a § 5K1.1 motion, the defendant may claim that the agreement has been breached and move for specific performance.  *See United States v. Conner,* 930 F.2d 1073, 1076 (4th Cir. 1991).  In contrast, where the Government retains its discretion regarding whether it will make a downward departure motion, there is 'no enforceable promise' because the plea agreement did not promise anything, but rather, it explicitly reserved discretion.  *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir.1994).

A defendant has the burden to do more than merely allege an unconstitutional motive before a judicial inquiry is required.  *Id.*  A defendant must make a substantial threshold showing and without a substantial threshold showing, the defendant is not entitled to a remedy or even a judicial inquiry into the government's motive for refusing to move for a downward departure.  *Id*. "Without a 'substantial threshold showing' of an unconstitutional motive, the court may not order an evidentiary hearing." *Craig v. United States*, 2013 WL 3289122, at \*3 (D.S.C. 2013).

## DISCUSSION

Respondent and Petitioner agree that Petitioner provided substantial assistance in the government's prosecution of Calderon.  (ECF No. 1601.)  The court finds the terms of Petitioner's plea agreement are clear.  Respondent promised Petitioner that Respondent would

4

move for a downward departure pursuant to either U.S.S.G. § 5K1.1 *or* Rule 35 based on Petitioner's substantial cooperation pursuant to the provisions of his plea agreement if Respondent deemed Petitioner's cooperation as providing substantial assistance in the government's case against Calderon. (ECF No. 1601.) Furthermore, both Respondent and Petitioner acknowledged that all of the terms of the agreement were contained in the plea agreement. (ECF No. 1601.) Thus, the court finds Respondent never promised Petitioner that he would receive an additional sentence reduction after his initial sentence reduction under either U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35(b).

The court finds Respondent promised to request a sentence reduction pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35(b) and Respondent did in fact request a downward departure for Petitioner pursuant to U.S.S.G. § 5K1.1. (ECF No. 1601.) Moreover, the court accepted Respondent's downward departure motion and reduced Petitioner's sentence by over fifty percent. (ECF No. 1601 at 11; ECF No. 1601 at 4.) Petitioner did not object to Respondent's entry of this motion or his sentence at his sentencing hearing. (ECF No. 1601.) Thus, the court finds Respondent satisfied its obligations under the plea agreement and is not bound to make a second request to reduce Petitioner's sentence. Similarly, Petitioner has already been credited for his testimony when Respondent entered its motion and the court reduced Petitioner's sentence to five years. (ECF No. 1601 at 11; ECF No. 1601 at 4.) Therefore, granting Petitioner's motion and compelling Respondent to submit a motion pursuant to Fed. R. Crim. P. 35(b) would result in Petitioner receiving two sentence reductions and violate the terms of the plea agreement because Respondent only promised to submit one motion for a sentence reduction.

5

Accordingly, Petitioner's motion seeking relief pursuant to Fed. R. Crim. P. 35(b) is **DENIED** with prejudice. Petitioner also filed a motion requesting appointment of counsel. The court finds that this case does not warrant the appointment of counsel as the issues in the case are not difficult or extraordinary. Therefore, such motion is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 12, 2014

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.